**Mary M. LISI, Chief Disciplinary Counsel**

v.

**John H. HINES, Jr.**

**No. 92–317–M.P.**

Supreme Court of Rhode Island.

June 24, 1992.

Mary M. Lisi, Chief Disciplinary Counsel, pro se.

## OPINION

PER CURIAM.

This matter is before us pursuant to an order that directed the respondent-attorney, John H. Hines, Jr. (Hines), to show cause why he should not be disciplined for violations of Rules 1.15(a) and (b), 1.16(d), and 8.4(c) of Rule 47 of the Rules of Professional Conduct.

In June 1987 Hines was engaged by a client to represent her in a divorce action. Incidental to the representation, Hines received a check for $10,000, which was to be paid to the client's husband as part of the property-settlement proceedings occurring in the divorce action. In November 1989, as a result of an unrelated matter, Hines was temporarily suspended from the practice of law. Consequently Hines's client retained the services of another attorney to continue the representation required in her divorce action. Shortly after hiring successor counsel, the client contacted Hines and requested that he forward both her case file and the $10,000 sum to her new attorney.

Some four months later, in February 1990, Hines transferred the requested funds to the new attorney. Hines admitted to the chief disciplinary counsel not only to his delay in forwarding the moneys to suc-

cessor counsel but also to other aspects of the complaint brought by his client. Hines further admitted that he appropriated this client's funds for his own purposes, in violation of Rule 1.15(a) and (b), which involves the safeguarding of clients' property and the prohibition against commingling funds. However, Hines denied that this conduct was in violation of Rule 1.16(d), which involves dealing with the termination of representation, including the surrendering of property to the client or to new counsel, and Rule 8.4(c), which describes conduct involving dishonesty, fraud, deceit, or misrepresentation.

The disciplinary board found that Hines's conduct violated the three Rules of Professional Conduct, that is, Rule 1.15(a) and (b), Rule 1.16(d), and Rule 8.4(c), and recommended that disbarment be imposed in this instance.

This court is of the opinion that cause has not been shown, and consequently we adopt the board's recommendation for Hines's disbarment. Although we can appreciate the sincere remorse demonstrated by Hines at the hearing, we note that he is before us as one currently suspended from the practice of law. Moreover, we emphasize that Hines has been before this board for previous unrelated matters that have warranted disciplinary action, ranging from private censure to additional suspensions. The cumulative undermining effect of this and several other matters upon the public trust cannot be ignored. Hines has not conducted himself in a manner consistent with the principles expected of a member of the bar.

Accordingly Hines is hereby disbarred from the practice of law in this state, effective on the date of this opinion. Hines is hereby ordered to comply promptly and fully with Rule 42–15 of the Supreme Court Rules.

SHEA, J., did not participate.